George E. CARTER–EL, Petitioner,

v.

CITY OF ALEXANDRIA, Respondent.

Civil Action No. 98–1003–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 4, 1998.

George E. Carter–El, Lorton, VA, pro se.

## ORDER

HILTON, Chief Judge.

Petitioner has submitted this civil rights action which the Court construes as a Motion Attacking Sentence pursuant to 28 U.S.C. § 2255 [1], challenging the legality of his November 19, 1986, conviction in federal court for attempted escape. The Court finds that it is without jurisdiction to review this petition and dismisses it without prejudice.

The Court has previously addressed, on the merits a § 2255 motion regarding this conviction. *See Carter v. United States of America,* Civil Action No. 98–151–AM (E.D.Va.). Titles 28 U.S.C. § 2255 and 2244(b) compel the District Court to dismiss a second or successive motion absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition.

The Court of Appeals will only authorize such a review if a petitioner can show that 1) the claim has not been previously presented to a federal court on habeas corpus, and 2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show "by clear and convincing evi-

---

1. To the extent that petitioner seeking monetary redress related to his allegedly unlawful conviction, he may not do so now. Where a state prisoner seeks damages in a § 1983 action, the "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If so, the § 1983 cause of action must be dismissed and the action must proceed in habeas unless plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487–7, 114 S.Ct. 2364. The prisoner must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a writ of habeas corpus. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364.

dence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(b)(ii).

Accordingly, it is hereby **ORDERED** that:

1. This action is **FILED** solely for the administrative convenience of the Clerk; and

2. This action is **DISMISSED** without prejudice to petitioner's right to move a panel of the Court of Appeals for an order authorizing this Court to consider the petition.

Should the petitioner wish to appeal, petitioner must request and obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253.

The Clerk is directed to send a copy of this Order to the petitioner.